PROB 12A
(07/06)

# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF TEXAS

### Report on Offender Under Supervision - No Court Action Required

| | | |
|---|---|---|
| Name of Offender: | Anthony Landry | Case Number: 4:98CR00168-001 |
| Name of Sentencing Judge: | The Honorable Melinda Harmon | |
| Date of Original Sentence: | April 9, 1999 | |
| Original Offense: | Count I: Conspiracy to commit bank fraud , 18 U.S.C. § 371 | |
| | Count 2: Bank fraud, 18 U.S.C. § 1344. | |
| Original Sentence: | 37 months imprisonment, five years supervised release as to each of Counts 1 & 2 to run concurrently, $200 special assessment, $112,868.40 restitution. Special conditions: financial disclosure, urine surveillance. | |
| Type of Supervision: | Supervised Release | Supervision Started: February 1, 2002 |

## EARLIER COURT ACTION

December 30, 2002: The Court took no action after Mr. Landry failed to pay restitution and maintain employment.

February 4, 2004: The Court modified the condition of supervision to include drug/alcohol treatment after Mr. Landry submitted a urine specimen which tested positive for cocaine.

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | LAW VIOLATION (MANDATORY CONDITION) On October 3, 2006, Mr. Landry was arrested by an officer with the New Orleans, Louisiana Police Department and charged with Driving While Intoxicated in violation of Louisiana Revised Statue 14:98. This case is currently pending and set for trial on March 20, 2007, in th Traffic Court of New Orleans, Division D, Cause S-317974. |
| 2 | FAILURE TO REPORT ARREST WITHIN 72 HOURS (STANDARD CONDITION): On October 6, 2006, the probation officer was notified by the Federal Bureau of Investigation Mr. Landry had been arrested in New Orleans, Louisiana on October 3, 2006. Mr. Landry did not report his arrest until October 27, 2006. |

Landry, Anthony
4:98CR00168-001
Page 2

| | |
|---|---|
| 3 | **LEAVING THE JUDICIAL DISTRICT WITHOUT PERMISSION OF THE PROBATION OFFICER (STANDARD CONDITION): On October 6, 2006, the probation officer learned from the Federal Bureau of Investigation that Mr. Landry had been arrested in New Orleans, Louisiana. Mr. Landry did not have permission from the probation officer to be in New Orleans, Louisiana, which lies outside the Southern District of Texas.** |

**U.S. Probation Officer Action:**

On October 6, 2006, this officer learned of Mr. Landry's arrest while in New Orleans, Louisiana without permission. Upon contact with Mr. Landry on October 27, 2006, He was instructed to report to the probation office on October 30, 2006, to discuss his arrest and reason for being out of the district. Mr. Landry reported he obtained employment in Louisiana and provided proof of employment. He stated he was feeling desperate for employment since he had become arrears in the payment of restitution and child support payments. While in Louisiana, Mr. Landry stated he was stopped by an New Orleans Police Officer for a traffic violation. He further states the officer accused him of being intoxicated while operating his vehicle. Mr. Landry denies this and has a Court date of March 8, 2007.

This officer has made several attempts to secure an offense report for Mr. Landry's arrest. According to the Probation Department for the Eastern District of Louisiana, they have been unable to secure an offense report. This officer has been told that obtaining documents has been very difficult since the Hurricanes in 2005.

Mr. Landry is due to terminate supervision on January 31, 2007. Although this officer does not excuse Mr. Landry for his recent violations, this officer understands the pressure he has been under to make his restitution and child support payments. He has had a difficult time during the term of supervision maintaining employment and finally obtained employment that would allow him to follow the Court's orders.

Mr. Landry has been making restitution payments on a regular basis since he has been employed. He will have an outstanding balance of $110,704.40 upon termination of supervision. A financial analysis has been conducted and it has been determined he has no means of satisfying the outstanding restitution. Mr. Landry understands he will be required to continue making payments on his restitution upon termination of supervision.

Landry, Anthony
4:98CR00168-001
Page 3

Since Mr. Landry's pending charge will not be disposed of prior to the term of supervision expiring, it is respectfully recommended that Mr. Landry's term of supervision be allowed to terminate as scheduled and the State of Louisiana be allowed to render judgment in the pending case.

| Approved: | | Respectfully submitted: |
|---|---|---|
| *[signature]* | by | *[signature]* |
| Michael G. Oliveri, Supervising U.S. Probation Officer | | Michael W. Garcia U.S. Probation Officer January 17, 2007 |

Name of Offender: Landry, Anthony
Case Number: 4:98CR00168-001
Page Number: 4

[✓]  Court Concurs with Recommended Action

[ ]  Submit a Request for Modifying the Condition(s) or Term of Supervision

[ ]  Submit a Request for Warrant or Summons

[ ]  Other:

*Melinda Harmon*
Melinda Harmon
U. S. District Judge

January 22, 2007
Date